449 F.2d 781
 Daniel CLOAK, a Minor by his father and next friend, Frank T. Cloak, Jr., Appellant,
v.
Wilmer CODY, individually and as Superintendent of the Chapel Hill-Carrboro, North Carolina, public schools, et al., Appellees.
 No. 71-1616.
 United States Court of Appeals, Fourth Circuit.
 Argued October 4, 1971.
 Decided October 12, 1971.
 
 Norman B. Smith, Greensboro, N. C. (Smith & Patterson, Greensboro, N. C., on the brief), for appellant.
 Emery B. Denny, Jr., Durham, N. C. (Haywood, Denny & Miller, Durham, N. C., on the brief), for appellees.
 Before BOREMAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Cloak, an eleven year old junior high school student who sues by his father and next friend, appealed from an order of the district court denying his claim for declaratory and injunctive relief and damages because the defendant school officials, acting under a North Carolina statute, prohibited him from selling newspapers on school property. Several months after the plaintiff filed his complaint, he moved to amend to allege a class action. However, the proceedings were not conducted under Rule 23 as a class action, and the case appears to have been tried as an action for the benefit of the plaintiff only. The case was submitted to the court on stipulated facts, which do not establish that the plaintiff has suffered any monetary damages or that he suffered any lasting prejudice other than denial of his claimed right to sell the newspapers.
 
 
 2
 While the case was pending in the district court, the plaintiff moved from the State of North Carolina. Therefore, a decision interpreting the North Carolina statute which is involved, passing on the constitutionality of the school's rule prohibiting sale of newspapers, and granting or denying injunctive relief can have no direct effect on him. In view of these circumstances, we deem the action became moot when the plaintiff moved from North Carolina. A decision now, for all practical purposes, would be simply advisory. Accordingly, the judgment of the district court is vacated, and this action is dismissed as moot.